May it please the court. I am Daniel Hessler. I represent Kenneth Starks. I raised three issues on appeal. On the first issue, the parties agree that a prior 3582 C2 reduction does not make someone ineligible for a section 404 reduction. If this court were to decide otherwise, a circuit split would be created. Unless you have any questions, I will stand on my brief on that issue. As to the second issue concerning the 11C1C plea agreement, in section 404, Congress said that courts may impose and reduce sentences on a particular class of inmates and the class of defendants are inmates serving sentences on pre-2010 crack cases. There's no carve out in the statute for 11C1C sentences. And to the extent that the court's wondering whether the 11C1C sentence is still somehow binding, I would point at Hughes. I'm not saying it's controlling. There are different statutes involved. And much of the Hughes opinion concerned questions of whether those sentences were actually based on the guidelines. And that's not particularly relevant here. 3582C2 is concerned with applying retroactively applicable guidelines while section 404 is not tied to the guidelines at all. Mr. Hessler, I'm curious about something. If the judge was inclined to reduce your client's sentence below the binding term in the plea agreement, would the government be able to get out of the plea agreement should they wish? I don't know if that's ever come up. The question is would it be a violation of the plea agreement for the defendant to ask? No, not to ask. You've already asked. And I'm not sure the government would want to do this. I'm just curious if the court said that the court was going to go below what was agreed to in the 11C1C plea agreement. It's a contract. Could the government say well that violates a material term of the contract and we seek to get out of the plea agreement? I think the answer is no. And I'm saying that by implication in that that never seems to have arisen. That question doesn't seem to have arisen in the Hughes context. Again, the significant thing about Hughes is that it was based between a choice of what was controlling between these binding plea agreements and the fact that the guidelines then created this power to reduce sentences. And Hughes decided that the power to reduce the sentences won. And in every case, including Hughes and the ones that followed it, the 11C1C agreements were essentially broken. And I know of none of those cases, and there was a lot of them, where it was declared, OK, I think the government is free to argue that we gave up a 924C count or something like that. And I don't think that's present here. But I think they're free to argue about what that means, but I don't think that creates a reason to withdraw the plea agreement altogether. All I'm saying on the 11C1C question is that Congress should be taken at its word when it says courts may reduce sentences and that power should exist. With respect to the discretionary prong, my argument for why this case should be remanded despite the district court's statement that it wouldn't grant relief, even if it had discretion, boils down to three ideas. First, the district court's conclusion of ineligibility based upon the prior 3582C2 reductions and the reason that got it there significantly contributed to the court's decision that no reduction was warranted. If this court agrees that that eligibility decision was flawed, it's completely intertwined with the discretionary choice. Do you say that based upon something in the transcript, or is it more your view that it just necessarily has to be informed, or not the transcript, the order? I'm saying it based upon the fact that when the court cites its reasons for discretionary denial, it goes back and essentially remakes and refers to all of its arguments that it made about how this is all about the guidelines. And so if it was wrong in the first half, then that's wrong in the second part. My second argument is actually related to this. My second argument is that the court's view of the purpose and scope of Section 404 was essentially that it could only reflect guidelines changes. That's not consistent with Shaw or the text of Section 404. It's our position that that reflects a misapprehension about the power that Section 404 grants. And if the court didn't understand the power that it had, then it's saying, I wouldn't use that discretion. Well, if it didn't understand what discretion it had, then that would seem to be abuse of discretion. The indications that the court misunderstood what Section 404 allowed are apparent from the opinion. One thing is the statement, the only effect that the FSA's modified minimum sentence could have on Mr. Stark's sentence was by means of amended guidelines. It says that's the only effect it could have. And if one was thinking that the word only is just semantics, it should be put in the context of the entire opinion, which over and over again emphasizes the fact that the changes in the guidelines had already been accounted for. The court also said the argument that the sentence imposed has achieved the desired effect is not a compelling argument for reducing the sentence imposed. That statement by the district court essentially raises the issue that this court acknowledged in Shaw but did not resolve. And the question is whether, is 3553 necessarily applicable in the Section 404 context? It's our position that it has to be because there's no rational alternative. And if 3553 does apply, then in a context where the court does have jurisdiction to reexamine a sentence, which Section 404 grants, the fact that the statutory purposes are satisfied absolutely should be a compelling reason to reduce the sentence. That's the fundamental command of 3553. If the sentence should be imposed to be sufficient but not greater than necessary to fulfill the purpose of the statute. And if those have been fulfilled, then the time should be cut. My third basis for why this is an abuse of discretion was the court gave no indication that it considered most of the defendant's arguments in mitigation or rejected them in a categorical way. The government's position on this seems to be that this was just ordinary weighing of the 3553 factors, and if they were right, I would lose. But the district court never mentioned my argument that he was a career offender, but just barely. It never talked about the arguments that were made about disparity within the case. There was, I think, 56 defendants that started here. Kenneth Starks will be the last one to be released, and he was a cooperator, and he was not the main guy. He was somebody who started at the bottom and wound up in the middle. The court didn't discuss the fact that the requested reduction was not large. The court did not discuss the crack versus powder disparity. I could say a lot about that, but I have one minute left, and I want to concede something. The court did address the good prison conduct, but it addressed it in a way that had nothing to do with Kenneth Starks. The court just essentially rejected pepper, and I don't think it's the district court's place to overturn the Supreme Court. Would you like to reserve the rest of your time? Yes, thank you. Very good. Thank you very much, Mr. Hessler. We'll now move to the government. Ms. Bonamici. May it please the court, Deborah Bonamici on behalf of the United States. The district court properly exercises discretion in determining that no reduction was warranted, even assuming that the defendant was eligible for relief under Section 404, and its alternative independent decision renders any question about the eligibility of the defendant or any error in the court's determination on that issue harmless. Far from a conclusory statement, comment at the end of the decision thrown in for good measure, the court here provided a thoroughly reasoned and detailed explanation of its analysis, and that analysis was well within its discretion and not improper on any basis. With respect to the defendant's argument that the court's discussion of the issues of the prior reductions of sentence and the 11C1C agreement, the defendant argues that these matters that the court had discussed with respect to eligibility somehow infected the court's decision-making process on the discretionary issue. That's not so. It's not true that if it was wrong to consider these things with respect to eligibility, it was likewise wrong to consider them with respect to the discretionary determination. The opposite is true. So here the court was very, you could tell from reading the decision that the court actually considered these matters for very different purposes. So with respect to the prior decision or the prior reductions, the court here properly considered that, first of all, they established the sentence that's under review from which the defendant was requesting reduction. They indicated that to some extent the defendant's sentence had been adjusted to reflect updated views of the seriousness of his conduct, and the opinion demonstrates that it did not base its discretionary determination on the fact of the prior reductions, but rather on the assessment that with those prior reductions, the sentence was now reasonable and appropriate, and therefore no additional reductions were warranted. Same is true with the 11C1C agreement concept. The court did not base its determination or consider that topic as a fact or even as a binding, the fact that it had a binding, potentially binding nature. That wasn't the court's determination. The court's determination was that another factor that weighed into its determination that no further reductions were warranted was the fact that the defendant had received all of the benefits of this bargain with the government, and that to now change the sentence at this point in time would be to cast, fail to acknowledge or promote respect for the law and respect for the agreement that had been reached. There's no indication, none whatsoever in the court's opinion that it misunderstood its discretion here and thought that its discretion was limited to imposing a new sentence under the current guidelines. The statement that is relied upon by the defendant is merely a segue between a first determination that there was no change in the statutory penalties based on the FSA and moving on to this. So therefore, the only possible change would be with respect to the guidelines and the court goes on to determine that there's none there either. So there's just nothing in the opinion that would lead you to conclude that the court didn't understand its discretion. Finally, the court fully fulfilled its obligation to consider all the 3553A factors and the arguments made by the defendant. The court, again, the defendant focuses on the court's rejection of the arguments that he had demonstrated efforts at rehabilitation and that the purposes of sentencing had been fulfilled, but really the best reading and the only rational reading of the court's statement there was that in this case, those factors did not warrant or did not override other factors such as one that the court emphasized strongly at the very beginning, which was that very large quantities of drugs that the defendant was responsible for determining and the variety of those drugs and other factors related to the seriousness of the offense and the seriousness of the defendant's history. The defendant, whether he was in the middle or not, we could debate, but the defendant did receive an enhancement for a leadership role and the defense, the court found and the record reflects that the defendant committed very serious offense. Finally, the fact that the sentence had been largely served and that there was not appreciable amount of time remaining. I mean, there was some, but not a large amount. That argument seems to suggest that every time a defendant brings a motion for reduction and there's some eligibility for reduction, it needs to be granted. The closer the defendant gets to the end of the sentence, it almost becomes required. That's not correct. The court exercised its discretion properly in this case and this court should affirm. Thank you, Ms. Bonamici. We'll go back now, Ms. Trestor, to you for rebuttal. Briefly, the government says that the court thoroughly and considered and that it was a thorough explanation. The explanation barely mentioned Kenneth Starks. I'm not saying that the court couldn't consider the prior reductions. Of course, the court can consider everything, but the court didn't ask the question. It said, you've gotten all the benefits of the guidelines and ask or answer the question of whether a lesser sentence would now have been sufficient. And the government suggests that the court rejected the defendant's arguments. No, the court didn't address the defendant's arguments. They're not mentioned. And in terms of the amount of time that's left, one only gets one shot at Section 404. And on 3553, it's always a balancing question. And if the amount of punishment that's been inflicted matters. Thank you, Mr. Hessler. Thank you. Thank you, Ms. Bonamici. The case will be taken under advisement, and the court will stand in recess until its next hearing.